**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **Aqua Resolution, LLC** | ) | |
| | ) | **Case No. 26 - 804** |
| **Debtor** | ) | |
| | ) | **Hon. Michael B. Slade** |
| | ) | |
| | ) | |
| | ) | |
| **Aqua Resolution, LLC** | ) | **Adv. Pro. No 26 - _____** |
| **Plaintiff** | ) | |
| **v.** | ) | |
| **United States Small Business Administration,** | ) | |
| **ODK Capital, LLC,** | ) | |
| **Funding Futures, LLC,** | ) | |
| **GCM Prime, LLC,** | ) | |
| **Path 2 Capital LLC,** | ) | |
| **Defendants** | ) | |

**COMPLAINT TO DETERMINE PRIORITY OF**
**SECURED CLAIMS**

***Introduction***

This complaint seeks the Court's determination of the competing lien claims of the

United States Small Business Administration ("SBA"), which holds a valid, perfected, first lien

on substantially all of the assets of the Debtor, ODK Capital, LLC, a division of Celtic Bank

("On Deck") which appears to hold a valid perfected second lien on Debtor's assets. and several

merchant cash advance lenders who appear to seek to prime the liens of the SBA and On Deck

by characterizing their loans as having been secured by "purchases of future receipts". Debtor

contends the rights, if any, of the merchant cash advance lenders are subordinate to the rights of

both the SBA and On Deck because the "purchases of future receipts" are, in fact, loans secured

by receivables which already are collateral for both the SBA and the On Deck loans.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (O).

4.      This is complaint to determine the priority of the various claims of purported secured creditors pursuant to Section 506(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 3012 and 7001(2).

5.      Debtor reserves the right to object to the amount of the respective claims of the respective purported defendant secured creditors if and when they file proofs of claim in this case.

6.      Debtor further reserves the right to pursue such counterclaims to which it might be entitled if and when the respective purported secured creditors answer this complaint or file proofs of claim in the Debtor's Chapter 11 case.

## FACTUAL AND LEGAL BACKGROUND

7.      On January 17, 2026, the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11, United States Code ("Code"). The Debtor has continued to operate its business and manage its business affairs as Debtor-in-Possession pursuant to §1107, § 1108 and §1184 since that date.

8.      The Debtor provides sales and installation of water treatment equipment throughout the Chicago metropolitan area.

9.      During and prior to 2020, Debtor obtained two loans from SBA one in the current amount of $567,146.71 and one in the amount of $493,195.92 ("SBA Loans").

10.     The SBA Loans are secured by a blanket lien on all assets of the Debtor as well as by a junior mortgage on real estate owned by the Debtor's principal, Thomas J. Norton and his wife, Jennifer Norton.

11.     The SBA's blanket lien on all of the assets of the Debtor has been continuously perfected since July 26, 2020 as reflected by the records of the Illinois Secretary of State.

12.     Subsequent to 2020, Debtor has had to seek financing from other sources including the Defendants ODK Capital, LLC, a division of Celtic Bank (hereinafter referred to as "On Deck), Funding Futures, LLC (hereinafter "Funding Futures") , GCM Prime, LLC (hereinafter "GCM") and Path 2 Capital LLC (hereinafter "Path"). (collectively the "Junior Creditors.")

13.     As more fully set forth herein, the interests of each of the Junior Creditors are subordinate to the interests of the SBA.

14.     Copies of the Loan and Security Agreements of the SBA are attached hereto as Exhibit A.

15.     A copy of the most recent Business Loan and Security Agreement between Debtor and On Deck dated July 7, 2025 is attached hereto as Exhibit B.

16.     A copy of the "Agreement for the Purchase and Sale of Future Agreements" between the Debtor and Funding Futures is attached hereto as Exhibit C.

17.     A copy of the "Revenue Purchase Agreement" between Debtor and GCM is attached hereto as Exhibit D.

18.     A copy of the "Standard Merchant Cash Advance Agreement" between Debtor and Path is attached hereto as Exhibit E.

19.     The interests granted to On Deck, Funding Futures, GCM and Path are all of inferior priority to the security interests that the Debtor previously granted to the SBA.

20.     One or more of the Junior Creditors has asserted a lien claim to accounts receivable due the Debtor from Home Depot and Truist Bank.

21.     The Junior Creditors' interests in accounts receivable and, in particular, the accounts receivable due to the Debtor from Home Depot and Truist Bank, are inferior to the interests of the SBA in those accounts receivable.

22.     Continued assertion of rights by one or more of the Junior Creditors in and to such collateral is a violation of the automatic stay imposed by Section 362 of the Bankruptcy Code.

23.     Continued assertion of rights by one or more of the Junior Creditors in and to such collateral is causing substantial damage to the Debtor.

Wherefore, Debtor prays that the Court enter a judgment declaring and ordering:

a) That the SBA has a valid, perfected first lien on all personal property of the Debtor, including, but not limited to the collateral to which one or more of the Junior Creditors claim a lien

b) That the liens of the Junior Creditors in and to such collateral to which they claim an interest are inferior to the liens of the Small Business Administration in and to such collateral;

c) The relative priority of the liens and claims of the Junior Creditors as among themselves;

d) That the Junior Creditors must immediately retract any claim they have made to

Home Depot and Truist Bank to funds due the Debtor on financing proceeds from sales by Debtor to its customers;

e) For such and other relief as may be just against one or more of the Junior Creditors, including attorney's fees and damages incurred by the Debtor by reason of any Junior Creditor's wrongful claim to Debtor's property.

Respectfully submitted

/s/ David P. Leibowitz

Attorney for the Plaintiff

David P. Leibowitz
Illinois Attorney 1612271
Lakelaw
3352 N. Sheffield Avenue
Chicago, Il 60657
312 662 5750
dleibowitz@lakelaw.com