UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: AQUA RESOLUTION, LLC | ) | No. 26 BK 804 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| AQUA RESOLUTION, LLC , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Slade |
| v. | ) | |
| | ) | No. 26 AP 21 |
| UNITED STATES SMALL BUSINESS | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

The United States Small Business Administration (SBA), by its attorney, Andrew S. Boutros United States Attorney for the Northern District of Illinois, answering the specific allegations of plaintiff Aqua Resolution LLC's complaint, admits, denies, or otherwise avers as follows:

## JURISDICTION AND VENUE

**Compl. ¶ 1.** This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Response:** Admit.

**Compl. ¶ 2.** By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

**Response:** Admit.

**Compl. ¶ 3.** This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (O).

**Response:**   Admit.

**Compl. ¶ 4.**   This is complaint to determine the priority of the various claims of purported secured creditors pursuant to Section 506(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 3012 and 7001(2).

**Response:** SBA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4; accordingly, they are denied.

**Compl. ¶ 5.**   Debtor reserves the right to object to the amount of the respective claims of the respective purported defendant secured creditors if and when they file proofs of claim in this case.

**Response:**   Deny.

**Compl. ¶ 6.**   Debtor further reserves the right to pursue such counterclaims to which it might be entitled if and when the respective purported secured creditors answer this complaint or file proofs of claim in the Debtor's Chapter 11 case.

**Response:**   Deny

### FACTUAL AND LEGAL BACKGROUND

**Compl. ¶ 7.**   On January 17, 2026, the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11, United States Code ("Code"). The Debtor has continued to operate its business and manage its business affairs as Debtor-in-Possession pursuant to§1107, § 1108 and §1184 since that date.

**Response:**   Admit.

**Compl. ¶ 8.**   The Debtor provides sales and installation of water treatment equipment throughout the Chicago metropolitan area.

**Response:**   SBA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8; accordingly, they are denied.

**Compl. ¶ 9.** During and prior to 2020, Debtor obtained two loans from SBA one in the current amount of $567,146.71 and one in the amount of $493,195.92 ("SBA Loans").

**Response:** Deny.

**Compl. ¶ 10.** The SBA Loans are secured by a blanket lien on all assets of the Debtor as well as by a junior mortgage on real estate owned by the Debtor's principal, Thomas J. Norton and his wife, Jennifer Norton.

**Response:** Admit.

**Compl. ¶ 11.** The SBA's blanket lien on all of the assets of the Debtor has been continuously perfected since July 26, 2020 as reflected by the records of the Illinois Secretary of State.

**Response:** Admit.

**Compl. ¶ 12.** Subsequent to 2020, Debtor has had to seek financing from other sources including the Defendants ODK Capital, LLC, a division of Celtic Bank (hereinafter referred to as "On Deck), Funding Futures, LLC (hereinafter "Funding Futures"), GCM Prime, LLC (hereinafter "GCM") and Path 2 Capital LLC (hereinafter "Path"). (collectively the "Junior Creditors.")

**Response:** SBA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12; accordingly, they are denied.

**Compl. ¶ 13.** As more fully set forth herein, the interests of each of the Junior Creditors are subordinate to the interests of the SBA.

**Response:** Admit.

**Compl. ¶ 14.** Copies of the Loan and Security Agreements of the SBA are attached hereto as Exhibit A.

**Response:** Admit.

**Compl. ¶ 15.** A copy of the most recent Business Loan and Security Agreement between Debtor and On Deck dated July 7, 2025 is attached hereto as Exhibit B.

**Response:** Admit.

**Compl. ¶ 16.** A copy of the "Agreement for the Purchase and Sale of Future Agreements" between the Debtor and Funding Futures is attached hereto as Exhibit C.

**Response:** Admit.

**Compl. ¶ 17.** A copy of the "Revenue Purchase Agreement" between Debtor and GCM isattached hereto as Exhibit D.

**Response:** Admit.

**Compl. ¶ 18.** A copy of the "Standard Merchant Cash Advance Agreement" between Debtor and Path is attached hereto as Exhibit E.

**Response:** SBA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18; accordingly, they are denied.

**Compl. ¶ 19.** The interests granted to On Deck, Funding Futures, GCM and Path are all of inferior priority to the security interests that the Debtor previously granted to the SBA.

**Response:** SBA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19; accordingly, they are denied.

**Compl. ¶ 20.** One or more of the Junior Creditors has asserted a lien claim to accounts receivable due the Debtor from Home Depot and Truist Bank.

**Response:** SBA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20; accordingly, they are denied.

**Compl. ¶ 21.** The Junior Creditors' interests in accounts receivable and, in particular, the accounts receivable due to the Debtor from Home Depot and Truist Bank, are inferior to the interests of the SBA in those accounts receivable.

**Response:**   Admit.

**Compl. ¶ 22.** Continued assertion of rights by one or more of the Junior Creditors in and to such collateral is a violation of the automatic stay imposed by Section 362 of the Bankruptcy Code.

**Response:**   SBA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22; accordingly, they are denied.

**Compl. ¶ 23.** Continued assertion of rights by one or more of the Junior Creditors in and to such collateral is causing substantial damage to the Debtor.

**Response:**   SBA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23; accordingly, they are denied.

WHEREFORE, the United States Small Business Administration requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Devvrat Sinha
    DEVVRAT SINHA
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2065
    devvrat.sinha@usdoj.gov

## Certificate of Service

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, L.R. 7005-1, and the Administrative Procedures for the Case Management/Electronic Case Filing System, the following document:

ANSWER – U.S. SBA

was filed and served on March 14, 2025, pursuant to the bankruptcy court's ECF system on the following ECF filers:

David P Leibowitz, (counsel for Aqua Resolution LLC)
dleibowitz@lodpl.com; ecf@lodpl.com; lawofficesofdavidpleibowitzllc@jubileebk.net


Shanna M. Kaminski (counsel for Funding Futures, LLC)
Email: skaminski@kaminskilawpllc.com

s/ Devvrat Sinha
DEVVRAT SINHA
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2065
devvrat.sinha@usdoj.gov